Patrick J. Best
ARM Lawyers
18 N. 8th Street
Stroudsburg PA 18360
(570) 420-7431
Fax: 484-544-8625
Email: patrick@armlawyers.com
*Attorney for Plaintiff*

Christopher M. Brine
Brine Consumer Law
100 Grove Street, Suite 116
Worcester, MA 01605
(508) 556-1899
Fax : (508) 556-9951
Email: cmb@brineconsumerlaw.com
*Attorney/Local Counsel for the Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS (BOSTON)**

| | |
|---|---|
| In re: | |
| | Case No. 21-11150 |
| BRASHANI REECE | |
| | Chapter 7 |
| Debtor. | |
| | |
| BRASHANI REECE , | |
| | |
| Plaintiff, | Adversary |
| | Proceeding No.: 21-01099 |
| v. | |
| | |
| THE UNITED STATES DEPARTMENT | Dischargeability |
| OF EDUCATION, and LCS CAPITAL, LLC | 11 U.S.C. § 523(a)(8) |
| | |
| Defendants. | |

# AMENDED COMPLAINT

Plaintiff, Brashani Reece ("Reece" or "Plaintiff"), by and through her undersigned counsel, Patrick J. Best of ARM Lawyers, hereby files this Complaint against Defendants, on personal knowledge as to those matters within her capacity, and information and belief as to all other matters, as follows:

## I. PRELIMINARY STATEMENT

1. This action is brought by Brashani Reece to enforce her rights under bankruptcy law regarding several federal loans and one direct to consumer private student loan, for which LCS Capital, LLC acts as the owner(s), servicer(s) and/or debt collector(s) against her ("the Subject Federal Loans"). Based upon Plaintiff's monthly income and monthly expenses, any repayment beyond the minimum monthly payment will prevent Plaintiff from maintaining a minimal standard of living. Further, Plaintiff has been prevented from working in the field in which she achieved her doctorate through circumstances outside of her control, which has limited her income potential. Plaintiff has enrolled in income-driven repayment and has utilized forbearances and deferments when needed; however, as a result, the Subject Loans have ballooned and Plaintiff will never be able to pay off the remaining balance given her circumstances. Therefore, the Subject Loans create an undue hardship for Plaintiff as contemplated by 11 U.S.C. § 523(a)(8); and, as such, should be discharged in the Chapter 7 bankruptcy filed by Plaintiff.

## II. JURISDICTION AND VENUE

2. This Adversary Proceeding is brought under Bankruptcy Case Number 21-11150.

3. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

4. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 105 and Federal Rules of Bankruptcy Procedure Rule 7001.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case determined in this district.

### III.
### PARTIES

6. Plaintiff, BRASHANI REECE, is an individual and a resident of this district who filed for relief under Title 11 in this Court on August 9, 2021.

7. Defendant, THE UNITED STATES DEPARTMENT OF EDUCATION ("DoE") is a creditor of Plaintiff, purportedly holding ownership in or as the guarantor of one or more of Plaintiff's student loans. DoE is an agency within the federal government that coordinates federal assistance to education. The DoE is headquartered in Washington D.C. and can be served through the U.S. Secretary of Education.

8. Defendant, LCS CAPITAL, LLC ("LCS"), is a business entity which, itself, or on behalf of other lenders, engages in commercial activity in this District, in the form of originating, servicing and collecting of consumer debts. LCS is headquartered in Centennial, Colorado and can be served through its registered agent.

## IV.
## STATEMENT OF FACTS

### A. The Undue Hardship Exception

9. Under 11 U.S.C. § 523(a)(8), "A discharge…of this title does not discharge an individual debtor from any debt unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents…"

10. The Bankruptcy Appellate Panel of the First Circuit has adopted the "totality of the circumstances" approach to defining "undue hardship" in bankruptcy cases, rejecting the Brunner test used by some other jurisdictions. The Panel reasoned that the "totality of the circumstances test best effectuates the determination of undue hardship while adhering to the plain text of §523(a)(8). See In re Brondson, 435 B.R. 791 (B.A.P. 1st Cir. 2010).

11. Under the "totality of the circumstances test requires the debtor to prove, by a preponderance of the evidence, that "(1) [her] past, present, and reasonably reliable future living expenses; (2) his and his dependents' reasonably necessary living expenses; and (3) other relevant factors or circumstances unique to the case, prevent him from paying the student loans in question while maintaining a minimal standard of living, even when aided by a discharge of other prepetition debts." In re Brondson, 435 B.R. at 798.

12. "Undue hardship" under the "totality of the circumstances" test is measured as of trial date and asks, "Can the debtor now, and in the foreseeable near future, maintain a reasonable, minimal standard of living for the debtor and the debtor's dependents and still afford to make payments on the debtor's student loans?" In re Brondson, 435 B.R. at 800.

13. The "totality of the circumstances" test requires "a principled determination of the requirement's meaning and a careful review of the debtor's circumstances." Courts may consider "all relevant evidence—the debtor's income and expenses, the debtor's health, age, education, number of dependents and other personal or family circumstances, the amount of the

monthly payment required, the impact of general discharge under chapter 7 and the debtor's ability to find a higher-paying job, move, or cut living expenses. In re Brondson, 435 B.R. at 798, 800.

14. The ability of a debtor to enroll in an Income Based Repayment Plan ("IBRP") to repay Direct Loans ("ICRP") is "a factor to be weighed by the court but [is] not dispositive as to the issue of undue hardship." In re Brondson, 435 B.R. at 802. A Bankruptcy Court must consider that, "because forgiveness of any unpaid debt under the ICRP may result in a taxable event, the debtor who participates in the ICRP simply exchanges a nondischargable student loan debt for a nondischargeable text debt. Such an exchange of debt provides little or no relief to debtors." In re Brondson, 435 B.R. at 803.

### B. The Subject Loans Pose an Undue Hardship on Plaintiff Brashani Reece

15. Plaintiff, a resident of Massachusetts, attended the University of Southern Maine during the 2000-2002 academic term while working towards a Bachelor of Arts degree. During that time, Plaintiff financed her education mainly and substantially through federal student loans. Plaintiff was 18 years old at that time.

16. At the age of 20, Plaintiff was forced to leave school and enter the workforce full-time because student loans would not cover her third year of schooling.

17. After working in a low-paying administrative job for four years, Plaintiff decided to pursue a doctoral degree in order to increase her earning potential.

18. Unfortunately, at the time she resumed her education, her previously earned credits did not transfer and she was forced to start over – essentially from square one.

19. Plaintiff attended the University of Massachusetts Lowell ("Lowell") during the 2008-2013 academic terms while obtaining her Bachelor of Arts degree. During that time, Plaintiff

financed her education mainly and substantially through federal student loans. Plaintiff continued to work while attending Lowell.

20. In order to pursue her Doctor of Psychology, Plaintiff needed to leave her full-time job due to the nature of training required.

21. Plaintiff attended William James College during the 2013-2018 academic terms as a graduate student while obtaining her doctorate. During that time, Plaintiff financed her education mainly and substantially through federal student loans.

22. Following her graduation, Plaintiff was prohibited from becoming licensed as a practitioner of the field in which she achieved her doctorate through circumstances outside of her control.

23. Plaintiff has sought counsel to challenge the licensing board's decision but was not successful.

24. Plaintiff has obtained employment in other fields which do not utilize her doctorate degree.

25. Following denial of professional licensure, Plaintiff obtained employment at Salesforce as a Guest Services Ambassador in which she now earns $2,900 per month.

26. At this time, Plaintiff is thirty-nine years old.

27. Plaintiff's expenses include rent, a parking space, auto insurance, gas and upkeep expenses, other basic life necessities and utility expenses. Plaintiff is in an affordable housing program which helps to keep her rent and parking costs lower than they would otherwise be. However, Plaintiff is still unable to put money away for retirement or any future plans she may have. After Plaintiff's monthly expenses are deducted from the income, she earns each month, she is left with little to no ability to make any payments beyond the minimum monthly payments for the Subject Loans while also providing for herself. If Plaintiff were to obtain a higher salaried employment, she would no longer be eligible for affordable housing and her minimum monthly payments would increase as well. As such, the amount of the Subject Loans continues to grow.

28. Plaintiff presently owes approximately $493,991.75 in federal student loans. She does not anticipate ever being able to make enough money to pay all these loans and maintain a minimal standard of living.

29. In addition to these federal student loans, Plaintiff incurred a private loan (the "Private Loan") with Sallie Mae Bank, Inc. This loan was made based on the borrower's credit score and/or one or more co-signers and was offered in addition to the federal loans provided by the U.S. Department of Education. This private loan does not represent the flexible repayment terms or borrower protections that federal student loans provide. Rather it carries variable high interest rates, loan limits, terms and conditions that are determined by the lender.

30. Plaintiff incurred the Private Loan to pay for education expenses relating to obtaining a Bachelor of Arts degree during the academic year 2012-2013.

31. At some point after funding this loan, Sallie Mae Bank, Inc. transferred or assigned its interest to Defendant LCS Capital, LLC ("LCS").

32. LCS is the owner, servicer, and/or debt collector of the Subject Private Loan which carries variable interest rates; their current balances, including accrued interests, stand at or over $13,615.99.

33. Plaintiff does not anticipate ever being able to make enough money to repay the Subject Loans and maintain a minimal standard of living for herself.

34. The substantial amounts due under the Subject Loans, combined with Plaintiff's other obligations and circumstances, including her age, employment history and prospects, and other factors, create an undue hardship for Plaintiff as contemplated by 11 U.S.C. § 523(a)(8)..

35. Plaintiff's income and employability prospects are likely to persist as she has reached the maximum earning potential in her career field.

36. Any potential discharge of the remaining balance of the Subject Loans through an income-driven repayment plan discharge program will not provide any financial relief in Plaintiff's lifetime and will cause additional financial problems based on the tax consequences of said discharge type.

37. Plaintiff has retained the services of the undersigned attorney and has agreed to pay reasonable attorney's fees.

## V.
## CAUSE OF ACTION
## COUNT ONE – UNDUE HARDSHIP

38. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39. Bases on the above, Plaintiff prays the Court to declare that repayment of the Subject Federal Loans would constitute an undue hardship upon herself and her dependents and therefore the Subject Federal Loans are discharged pursuant to §523(a)(8).

40. All Subject Loans held by Defendants should be determined to be dischargeable pursuant to 11 U.S.C. § 523(a)(8) as an undue hardship.

## VI.
## JURY DEMAND

41. Pursuant to her rights under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## VII.
## PRAYER

42. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered as follows:

a) an order determining that Plaintiff's student loans will be discharged under the subject Chapter 7 bankruptcy discharge Order as an undue hardship pursuant to 11 U.S.C § 523(a)(8).

b) allow amendment to this Complaint to add parties in the event that additional parties are necessary for the adjudication of Plaintiff/Debtor's claims for discharge of the subject student loans;

c) grant other relief as the Court deems just and proper.

Dated: March 29, 2022    Respectfully submitted,

/s/ Patrick J. Best
Patrick J. Best
ARM Lawyers
18 N. 8th Street
Stroudsburg PA 18360
(570) 420-7431
Fax: 484-544-8625
Email: patrick@armlawyers.com
*Attorney for Plaintiff*

/s/ Christopher M. Brine
Christopher M. Brine
Brine Consumer Law
100 Grove Street, Suite 116
Worcester, MA 01605
(508) 556-1899
Fax : (508) 556-9951
Email: cmb@brineconsumerlaw.com
*Attorney/Local Counsel for Plaintiff*